COPY   FILED

Patric A. Lester (SBN 220092)
pl@lesterlaw.com
Lester & Associates
5694 Mission Center Road, #358
San Diego, CA 92108
Phone: (619) 665-3888
Fax: (314) 241-5777

Attorneys for Plaintiffs

2013 APR 25  PM 4: 01

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY:_____

## IN THE UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

ED  CV 13 - 00770 (OPx)

| | |
|---|---|
| MIGUEL HUIZAR and JANNET BARAJAS, | Case No. |
| Plaintiffs. | COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND TELEPHONE CONSUMER PROTECTION ACT |
| vs. | |
| MANDARICH LAW GROUP, LLP, and Does 1-10, inclusive, | |
| Defendants. | JURY TRIAL DEMANDED |

## JURISDICTION AND VENUE

1.     This action arises out of Defendants' violations of the FDCPA, Rosenthal Act and TCPA.

2.     Jurisdiction arises pursuant to 28 U.S.C. § 1391, 1337, 15 U.S.C. § 1692(k)(d), and 47 U.S.C. § 277 et seq. and 28 U.S.C. § 1367 for supplemental state claims.

3.     As Defendants do business in the state of California, and committed the acts that form the basis for this suit in the state of California, this Court has personal jurisdiction over Defendants for purposes of this action.

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) in the Eastern Division as a substantial part of the events or omissions giving rise to the claim occurred in Riverside County, California.

**INTRODUCTION**

5.     The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

6.     The California legislature has determined that the extension of consumer credit through banking and business transactions is dependent upon the collection of just and owing debts, yet unfair or deceptive collection practices undermine the public confidence essential to the continued functioning of a sound banking and credit system. The legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

7.     This is an action for actual damages, statutory damages, attorney fees and costs brought by individual consumers, Miguel Huizar (hereinafter "Huizar") and Jannet Barajas (hereinafter "Barajas", (hereinafter collectively "Plaintiffs") against Mandarich Law Group, LLP and Does 1-10, inclusive (hereinafter "Defendants") for violations of the Fair Debt Collection Practices Act, (hereinafter "FDCPA")[1]  the Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. (hereinafter "the Rosenthal Act")[2]  which prohibit debt collectors from engaging in abusive, deceptive and unfair practices and the Telephone Consumer Protection Act,  (hereinafter

---

[1] All undesignated section references to §1692 are to the FDCPA
[2] All undesignated section references to §1788 are to the Rosenthal Act

"TCPA")[3]  which prohibits the making of unconsented to phone calls to cell phones.

8.    Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to Plaintiffs, or to Plaintiffs' counsel, which Plaintiffs allege on personal knowledge. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## THE PARTIES

9.    Plaintiff Miguel Huizar is a natural person residing in Riverside County, California.

10.    Plaintiff Miguel Huizar is a "consumer" within the meaning of § 1692a(3) being a natural person purportedly obligated to pay a "debt" or "consumer debt", as defined respectively, in § 1692a(5) and  Civil Code section 1788.2(f) and allegedly owed to GE Money Bank/CACH, LLC (hereinafter "Debt").

11.    Plaintiff Miguel Huizar is a "debtor" as that term is defined by Civil Code section 1788.2(h).

12.    Plaintiff Miguel Huizar is a "person" as defined by 47 U.S.C. § 153(10).

13.    Plaintiff Jannet Barajas is a natural person residing in Riverside County, California.

14.    Plaintiff Jannet Barajas is not a "consumer" within the meaning of §1692a(3), as she is not a person purportedly obligated to pay a "debt" or "consumer debt" as defined respectively, in § 1692a(5) and  Civil Code section 1788.2(f) and allegedly owed to GE Money Bank/CACH, LLC.

15.    Plaintiff Jannet Barajas is not a "debtor" as that term is defined by Civil Code section 1788.2(h).

16.    Plaintiff Jannet Barajas is a "person" as defined by 47 U.S.C. § 153(10).

17.    Plaintiffs do not presently now the true names and capacities of the Defendants sued herein as Does 1 through 10, inclusive. Plaintiffs will seek leave of court to amend this complaint to allege said Defendants' true names and capacities as

---

[3] All undesignated section references to 47 U.S.C. §277 are to the TCPA

1    soon as Plaintiffs ascertain them.

2        18.    At all times mentioned herein, each Defendant was the agent and employee

3    of each and all of the other Defendants and was acting in the course of such agency and

4    employment.

5        19.    Defendants are persons and/or business entities who uses instrumentalities

6    of interstate commerce in a business the principal purpose of which is the collection of

7    debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or

8    due or asserted to be owed or due another and is therefore a debt collector as that phrase

9    is defined by § 1692a(6).

10       20.    Defendants in the ordinary course of business, regularly, on behalf of

11   themselves, or others, engage in debt collection as that term is defined by Civil Code

12   section 1788.2(b), and are therefore a debt collector as that term is defined in Civil Code

13   section 1788.2(c).

14                         **FACTUAL ALLEGATIONS**

15       21.    Plaintiff Miguel Huizar purchased an engagement ring from Whitehall

16   Jewelry, and was making payments thereon through an open credit account with

17   Whitehall Jewelry, which is now out of business.

18       22.    Prior to April 5, 2012, Plaintiff Miguel Huizar allegedly fell behind in the

19   payment allegedly owed on the alleged debt.

20       23.    Prior to April 5, 2012, the alleged debt was assigned, placed or otherwise

21   transferred to Defendants for collection.

22       24.    At various and multiple times prior to the filing of the instant complaint,

23   including within one (1) year preceding the filing of this complaint, Defendants

24   contacted Plaintiffs in attempts to collect the debt as defined by § 1692a (5) of the

25   FDCPA and the consumer debt as defined by Civil Code section 1788.2(f) of the

26   Rosenthal Act.

27                              **Phone calls**

28       25.    Beginning on or about April 16, 2012, and on multiple occasions since that

1    time, Defendants contacted and/or attempted to contact Plaintiffs by phone calls.

2        26.    Defendants have constantly and continuously placed collection calls to both

3    Plaintiffs seeking and demanding payment for an alleged debt with the intent to annoy,

4    abuse and/or harass them.

5        27.    Defendants' conduct constitutes a continuing pattern and course of conduct.

6        28.    Defendants made numerous calls, seven days a week, sometimes two or

7    three calls per day to Plaintiff Huizar.

8        29.    Defendants made numerous calls to Plaintiff Huizar on a cellular telephone

9    number which had not been provided to the original creditor, nor has Plaintiff given any

10   consent to Defendants to contact him on that cellular telephone.

11       30.    Defendants called Plaintiff Huizar on or about April 16, 2012, and

12   threatened to file suit unless Plaintiff Huizar gave Defendants his checking account

13   number.

14       31.    Defendants threatened to deduct funds from Plaintiff Huizar's checking

15   account without his express authorization to do so.

16       32.    Defendants threatened to garnish Plaintiff Huizar's wages if he did not

17   immediately pay the alleged debt. Defendants did not garnish Plaintiff Huizar's wages

18   despite his lack of payment.

19       33.    Defendants made numerous calls to Plaintiff Barajas, though she was not

20   the alleged debtor, and had not provided her cellular telephone number nor any consent

21   to contact her, as she was not the purchaser of the engagement ring.

22       34.    Defendants continue to make numerous calls to Plaintiff Barajas demanding

23   payment of the alleged debt allegedly owed by Plaintiff Huizar.

24       35.    These phone calls were communications within the meaning of § 1692a(2)

25   debt collections as defined in Civil Code section 1788.2(b).

26       36.    By engaging in the foregoing conduct the natural consequence being

27   harassment and oppression of the Plaintiffs in connection with the collection of a debt,

28   Defendants violated § 1692d.

**Communication with represented party**

37.  On or about May of 2012 Plaintiffs' counsel at that time sent a communication to Defendants that the Plaintiffs had retained counsel and further that Defendants cease and desist from contacting Plaintiffs in connection with attempting to collect the debt. This communication had sufficient information to enable Defendants to contact Plaintiffs' counsel by phone, mail email and/or in person.

38.  At some point in time after Plaintiffs' counsel sent that communication, Defendants communicated directly with the consumer in connection with the collection of a debt without Defendants having received the prior, direct consent of the consumer or the express permission of a court of competent jurisdiction. Defendants knew the consumer was represented by an attorney with respect to such debt and had knowledge of, or could have readily ascertained such attorney's name and address. Consequently, Defendants violated § 1692c(a)(2) and Civil Code section 1788.14(c).

**TCPA**

39.  Defendants placed these calls to Plaintiffs' cellular telephones via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1).

40.  During these telephone calls Defendants used "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b) (1) (A).

41.  These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b) (1) (A) (i).

42.  Plaintiffs did not provide "express consent" allowing Defendants to place telephone calls to Plaintiffs' cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

43.  Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on the Defendants to demonstrate that Plaintiff provided express consent within the meaning of the statute, because it is the best entity to determine how numbers were attained.

44.     These telephone calls by Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii).

45.     Defendants' misconduct in placing these telephone calls to Plaintiffs' cell phones was and is negligent and Plaintiffs are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b) (3) (B).

46.     Defendants' misconduct in placing some or all of these telephone calls to Plaintiffs' cell phones was willful and knowing and Plaintiffs are entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b) (3) (C).

47.     Plaintiffs were harmed by the acts of Defendants including but not limited to the following ways:

(a) Defendants' calls to Plaintiffs' cellular phone caused Plaintiffs to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiffs previously paid,

(b) Defendants' calls to Plaintiffs were repeated and continuous with the intent to annoy, abuse and/or harass caused stress, anxiety, loss of sleep and resulting overall diminished abilities to carry on activities of daily living.

48.     As a result of the above violations of the FDCPA and the Rosenthal Act, Plaintiffs suffered and continue to suffer from personal humiliation, embarrassment, mental anguish, anxiety, and emotional distress injury and Defendants is liable for Plaintiffs' actual and statutory damages, costs and attorney's fees.

49.     As a result of Defendants' violations of the RFDCPA, Plaintiffs are entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Civil Code § 1788.17..

## FIRST CLAIM FOR RELIEF

### (Violations of the FDCPA)

50.     Plaintiff Miguel Huizar repeats, re-alleges, and incorporates all the

1    allegations contained in the above paragraphs of this Complaint as though fully stated
2    herein.

3          51.    The foregoing acts and omissions constitute numerous and multiple
4    violations of the FDCPA, including but not limited to §§ 1692b(2), (3), (6),
5    § 1692c(a)(2), § 1692c(b), § 1692d, §§ 1692e(4), (5), (10), § 1692f and each and every
6    one of the above cited provisions of § 1692 et seq.

7          52.    As result of each and every violation of the FDCPA, Plaintiff Huizar is
8    entitled to any actual damages pursuant to § 1692k(a)(1); statutory damages in an
9    amount up to $1,000.00 pursuant to § 1692k(a)(2)(A); reasonable attorney's fees and
10   costs pursuant to § 1692k(a)(3) from Defendants.

## SECOND CLAIM FOR RELIEF

### (Violations of the FDCPA)

13         53.    Plaintiff Jannet Barajas repeats, re-alleges, and incorporates all the
14   allegations contained in the above paragraphs of this Complaint as though fully stated
15   herein.

16         54.    The foregoing acts and omissions constitute numerous and multiple
17   violations of the FDCPA, including but not limited to §§ 1692d and d(5) and each and
18   every one of the above cited provisions of § 1692 et seq.

19         55.    As result of each and every violation of the FDCPA, Plaintiff Barajas is
20   entitled to any actual damages pursuant to § 1692k(a)(1); statutory damages in an
21   amount up to $1,000.00 pursuant to § 1692k(a)(2)(A); reasonable attorney's fees and
22   costs pursuant to § 1692k(a)(3) from Defendants.

## THIRD CLAIM FOR RELIEF

### (Claim for violations of the Rosenthal Act)

25         56.    Plaintiff Miguel Huizar repeats, re-alleges, and incorporates all the
26   allegations contained in the above paragraphs of this Complaint as though fully stated
27   herein.

28         57.    Plaintiff is entitled to statutory damages of $1000.00 under Civil Code

section 1788.30(b) for violations of Civil Code section 1788.17 because of Defendants' violations, as enumerated above, of the FDCPA.

58.     Plaintiff is entitled to statutory damages of $1000.00 under Civil Code section 1788.30(b) for Defendants' violations, as enumerated above, of the Rosenthal Act.

59.     Pursuant to Civil Code section 1788.32, the remedies provided under California Civil Code sections 1788.30 and 1788.17 are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

60.     As a result of each and every violation by Defendants of the Rosenthal Act as previously stated, Plaintiff is entitled to any actual damages under Civil Code section 1788.30(a), statutory damages of $1000.00 under Civil Code section 1788.30(b) for discrete violations of the Rosenthal Act and also an additional $1,000.00 statutory damages for violation of Civil Code section 1788.17, and attorney's fees and costs under Civil Code section 1788.30(c), from the Defendants.

## FOURTH CLAIM FOR RELIEF

### (Claim for violations of the Rosenthal Act)

61.     Plaintiff Jannet Barajas repeats, re-alleges, and incorporates all the allegations contained in the above paragraphs of this Complaint as though fully stated herein.

62.     Plaintiff is entitled to statutory damages of $1000.00 under Civil Code section 1788.30(b) for violations of Civil Code section 1788.17 because of Defendants' violations, as enumerated above, of the FDCPA.

63.     Plaintiff is entitled to statutory damages of $1000.00 under Civil Code section 1788.30(b) for Defendants' violations, as enumerated above, of the Rosenthal Act.

64.     Pursuant to Civil Code section 1788.32, the remedies provided under California Civil Code sections 1788.30 and 1788.17 are intended to be cumulative and in

1  addition to any other procedures, rights or remedies that Plaintiff may have under any
2  other provision of law.

3      65.    As a result of each and every violation by Defendants of the Rosenthal Act
4  as previously stated, Plaintiff is entitled to any actual damages under Civil Code section
5  1788.30(a), statutory damages of $1000.00 under Civil Code section 1788.30(b) for
6  discrete violations of the Rosenthal Act and also an additional $1,000.00 statutory
7  damages for violation of Civil Code section 1788.17, and attorney's fees and costs under
8  Civil Code section 1788.30(c), from the Defendants.

9                              **FIFTH CLAIM FOR RELIEF**
10       **(Negligent Violations of the Telephone Consumer Protection Act)**

11     66.    Plaintiff Miguel Huizar repeats, re-alleges, and incorporates all the
12  allegations contained in the above paragraphs of this Complaint as though fully stated
13  herein.

14     67.    The foregoing acts and omissions of Defendants constitute numerous and
15  multiple negligent violations of the TCPA, including but not limited to each and every
16  one of the above-cited provisions of 47 U.S.C. § 227 et seq.

17     68.    As a result of Defendants' negligent violations of 47 U.S.C. § 227 *et seq.*,
18  Plaintiffs are entitled to an award of $500.00 in statutory damages for each and every
19  violation, pursuant to 47 U.S.C. § 227(b) (3) (B).

20     69.    Plaintiff is also entitled to and seeks injunctive relief prohibiting such
21  conduct in the future.

22                              **SIXTH CLAIM FOR RELIEF**
23       **(Negligent Violations of the Telephone Consumer Protection Act)**

24     70.    Plaintiff Jannet Barajas repeats, re-alleges, and incorporates all the
25  allegations contained in the above paragraphs of this Complaint as though fully stated
26  herein.

27     71.    The foregoing acts and omissions of Defendants constitute numerous and
28  multiple negligent violations of the TCPA, including but not limited to each and every

one of the above-cited provisions of 47 U.S.C. § 227 et seq.

72.  As a result of Defendants' negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b) (3) (B).

73.  Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## SEVENTH CLAIM FOR RELIEF

### (Knowing and/or Willful Violations of the Telephone Consumer Protection Act)

74.  Plaintiff Miguel Huizar repeats, re-alleges, and incorporates all the allegations contained in the above paragraphs of this Complaint as though fully stated herein.

75.  The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

76.  As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## EIGHTH CLAIM FOR RELIEF

### (Knowing and/or Willful Violations of the Telephone Consumer Protection Act)

77.  Plaintiff Jannet Barajas repeats, re-alleges, and incorporates all the allegations contained in the above paragraphs of this Complaint as though fully stated herein.

78.  The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

79.  As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

/// 

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Miguel Huizar prays that judgment be entered against Defendants, and for Plaintiff, and prays for the following relief:

(1)    Assume jurisdiction in this proceeding;

(2)    Declare that the Defendants violated the FDCPA;

(3)    Declare that the Defendants violated the Rosenthal Act;

(4)    Declare that the Defendants violated the TCPA;

(5)    Award of actual damages in accordance with proof at trial, pursuant to § 1692k(a)(1) and Civil Code section 1788.30(a);

(6)    Award of statutory damages of $1,000.00 pursuant to § 1692k(a)(2)(A);

(7)    Award of statutory damages of $1,000.00 pursuant to Civil Code section 1788.17[4] ;

(8)    Award of the costs of litigation and reasonable attorney's fees, pursuant to § 1692k (a) (3) and Civil Code section 1788.30(c);

(9)    Award of statutory damages of $500.00 for each and every negligent violation of the TCPA, pursuant to 47 U.S.C. § 227(b) (3) (B);

(10)   Award of statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

(11)   Such other and further relief this court may deem just and proper.

WHEREFORE, Plaintiff Jannet Barajas prays that judgment be entered against Defendants, and for Plaintiff, and prays for the following relief:

(1)    Assume jurisdiction in this proceeding;

(2)    Declare that the Defendants violated the FDCPA;

(3)    Declare that the Defendants violated the Rosenthal Act;

(4)    Declare that the Defendants violated the TCPA;

---

[4] § 1692k(a)(2)(A)of the FDCPA

(5)     Award of actual damages in accordance with proof at trial, pursuant to § 1692k(a)(1) and Civil Code section 1788.30(a);

(6)     Award of statutory damages of $1,000.00 pursuant to § 1692k(a)(2)(A);

(7)     Award of statutory damages of $1,000.00 pursuant to Civil Code section 1788.17[5] ;

(8)     Award of the costs of litigation and reasonable attorney's fees, pursuant to § 1692k (a) (3) and Civil Code section 1788.30(c);

(9)     Award of statutory damages of $500.00 for each and every negligent violation of the TCPA, pursuant to 47 U.S.C. § 227(b) (3) (B);

(10)    Award of statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

(11)    Such other and further relief this court may deem just and proper.

## **TRIAL BY JURY**

80.     Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated April 25, 2013                              **Lester & Associates**

By_____
                                                   Attorney for Plaintiff,
                                                   E-mail: pl@lesterlaw.com

---

[5] § 1692k(a)(2)(A)of the FDCPA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

## EDCV13- 770 CAS (OPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | | |
|---|---|---|
| Miguel Huizar<br>and<br>Jannet Barajas | ) ) ) ) | |
| *Plaintiff(s)* | ) ) | |
| v. | ) ) | Civil Action No. |
| Mandarich Law Group, LLP, et al. ED | CV | 13 - 0077... CAS(CP) |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Patric A. Lester
Lester & Associates
5694 Mission Center Road, #358
San Diego, CA 92108
619-665-3888

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date: APR 2 5 2013

TERRY NAFISI
*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| Miguel Huizar and Jannet Barajas | Mandarich Law Group, LLP |
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Lester & Associates<br>5694 Mission Center Road, #358<br>San Diego, CA 92108<br>619-665-3888 | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☐ No   ☒ MONEY DEMANDED IN COMPLAINT: $ 75,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 USC 1692 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY: Case Number: ED CV 13 – 00770 CAS (OPx)

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

COPY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
NOTE: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside County | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____   DATE: April 25, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |