UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-770 CAS (OPx) | Date | August 14, 2013 |
|---|---|---|---|
| Title | MIGUEL HUIZAR, ET AL. V. MANDARICH LAW GROUP LLP, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS): MOTION for Judgment on the Pleadings as to Complaint (Docket No. 5, filed July 16, 2013)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of August 19, 2013 is vacated, and the matter is hereby taken under submission.

## I.   INTRODUCTION

Plaintiffs Miguel Huizar ("Huizar") and Jannet Barajas ("Barajas") filed this action in this Court on April 25, 2013, against defendant Mandarich Law Group, LLP. The complaint alleges eight claims stemming from defendant's debt collection activities, as follows: (1) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. as to plaintiff Huizar; (2) violations of the FDCPA as to plaintiff Barajas; (3) violations of California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civil Code § 1788, et seq. as to plaintiff Huizar; (4) violations of the Rosenthal Act as to plaintiff Barajas; (5) negligent violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq. as to plaintiff Huizar; (6) negligent violations of the TCPA as to plaintiff Barajas; (7) knowing and/or willful violations of the TCPA as to plaintiff Huizar; and (8) knowing and/or willful violations of the TCPA as to plaintiff Barajas.

Defendant filed a motion to dismiss for failure to state a claim on July 16, 2013. Plaintiffs filed an opposition on July 26, 2013. No reply has been filed. After considering the parties' arguments, the Court finds that defendant's motion should be denied in its entirety.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-770 CAS (OPx) | Date | August 14, 2013 |
|---|---|---|---|
| Title | MIGUEL HUIZAR, ET AL. V. MANDARICH LAW GROUP LLP, ET AL. | | |

**II. BACKGROUND**

Huizar purchased an engagement ring on credit from a now-defunct jewelry store. Compl. ¶ 21. Plaintiffs allege that defendant engaged in debt collection activities in order to obtain the balance allegedly due on this loan. Id. ¶¶ 21-24. These activities included frequent phone calls to plaintiff Huizar, sometimes multiple times per day, as well as threats to garnish plaintiff Huizar's wages and deduct funds from his checking account. Id. ¶¶ 26-32. Plaintiffs also allege that defendant contacted plaintiff Barajas numerous times, even though she was not the alleged debtor or purchaser of the engagement ring. Id. ¶ 33. This contact allegedly continued after defendant was notified that plaintiffs were represented by counsel. Id. ¶¶ 37-38. Defendant placed these phone calls to plaintiffs' cellular telephones, without their consent, via an automatic telephone dialing system that used an artificial or prerecorded voice. Id. ¶¶ 39-40. These calls were not for emergency purposes. Id. ¶ 41.

Plaintiffs allege that they suffered humiliation, embarrassment, and emotional distress as a result of defendant's debt collection activities. They also allege that defendant's unauthorized contact of plaintiffs via cellular telephone caused plaintiffs to incur cellular telephone charges and suffer stress, anxiety, and loss of sleep. Id. ¶¶ 47-48.

**III. LEGAL STANDARD**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-770 CAS (OPx) | Date | August 14, 2013 |
|---|---|---|---|
| Title | MIGUEL HUIZAR, ET AL. V. MANDARICH LAW GROUP LLP, ET AL. | | |

F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

## IV. ANALYSIS

### A. Plaintiffs' FDCPA Claims

In order to state a claim for relief under the FDCPA, a plaintiff must show that (1) he or she is a "consumer," (2) the defendant is a "debt collector," and (3) the defendant has acted or failed to act in violation of the FDCPA. Robinson v. Managed Accounts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-770 CAS (OPx) | Date | August 14, 2013 |
|---|---|---|---|
| Title | MIGUEL HUIZAR, ET AL. V. MANDARICH LAW GROUP LLP, ET AL. | | |

Receivables Corp., 654 F. Supp. 2d 1051, 1057 (C.D. Cal. 2009). The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt," 15 U.S.C. § 1692a(3), and defines "debt collector" as a person who "uses any instrumentality of interstate commerce . . . in any business the principal purpose of which is the collection of any debts," id. § 1692a(6). The FDCPA proscribes a wide range of conduct related to debt collection. As relevant here, the FDCPA provides that a debt collector may not communicate with the consumer about a debt at "a time or place . . . which should be known to be inconvenient to the consumer," id. § 1692c(a)(1), and must refrain from communicating directly with the consumer if the debt collector knows that the consumer is represented by counsel, id. § 1692c(a)(2). Debt collectors are also barred from activities that "harass, oppress, or abuse any person in connection with the collection of a debt." Id. § 1692d.

The Court finds that plaintiffs have properly pled the elements of an FDCPA claim. Defendant does not appear to dispute the first two elements of plaintiffs' FDCPA claim, namely that plaintiffs are consumers, and that defendant is a debt collector. Robinson, 654 F. Supp. 2d at 1057. As for the third element, plaintiffs have alleged multiple instances of conduct that violates the FDCPA, including highly repetitious telephone calls to both plaintiffs, Compl. ¶¶ 28, 33, as well as threats to garnish plaintiff Huizar's wages, Compl. ¶ 32, and debit his checking account, Compl. 31. This conduct could, if proven, constitute communications at an "inconvenient" time or place, 15 U.S.C. § 1692c(a)(1), and could have "harass[ed], oppress[ed], or abuse[d]" plaintiffs, id. § 1692d. Reading the complaint in the light most favorable to plaintiffs, Sprewell, 266 F.3d at 988, it is therefore plausible that defendant has violated the FDCA.

Defendant's arguments to the contrary are unavailing. Defendant first argues that plaintiffs failed to plead their FDCPA claims with sufficient specificity. Defendant observes that plaintiffs do not provide the specific dates of defendant's phone calls that violated the FDCPA. Def. Mot. Dismiss 5-7. While plaintiffs do not provide specific dates of telephone calls from defendant, they have alleged an approximate 16-month timeframe in which the calls took place. Compl. ¶ 25. That timeframe is sufficient to "plausibly suggest[]" a valid claim for relief. See Moss, 572 F.3d at 969. The Court is unaware of any authority requiring plaintiff to provide specific dates of telephone calls.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-770 CAS (OPx) | Date | August 14, 2013 |
|---|---|---|---|
| Title | MIGUEL HUIZAR, ET AL. V. MANDARICH LAW GROUP LLP, ET AL. | | |

Defendant also disputes the accuracy of the factual allegations in the complaint, including the context and content of the telephone contact between the parties. Id. at 3-4, 5-7; Rosas Decl. ¶¶ 3-9. Defendant's factual arguments referenced in its motion and supported by the attached declarations are not well taken because the Court is required to accept plaintiff's portrayal of the facts when evaluating a motion to dismiss.[1]

### B. Plaintiffs' TCPA Claims

The TCPA proscribes the use of automatic telephone dialing equipment to call "any telephone number assigned to a . . . cellular telephone service . . . for which the called party is charged for the call," unless an emergency exists or the call recipient provides express prior consent for the call. 47 U.S.C. § 227(b)(1)(A). Here, plaintiffs allege that defendant used an automatic telephone dialing system to call each of their cellular telephones, and that they incurred charges for these calls, or were required to use prepaid cellular telephone time for the calls. Compl. ¶¶ 39-47. The Court finds that these allegations are sufficient to state a claim under the TCPA.

Defendant challenges the TCPA claims by raising a factual issue as to the use by defendant of an automated telephone dialing system. Marrow Decl. ¶ 3. This argument is not well taken on a motion to dismiss, because the Court is required to accept as true the allegations in the complaint, Pareto, 139 F.3d at 699.

### V. CONCLUSION

The Court therefore DENIES defendant's motion to dismiss.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |

---

[1] Defendant does not separately challenge plaintiffs' Rosenthal Act claims. However, it appears to the Court that plaintiffs' Rosenthal Act claims are sufficiently pled for the same reasons set forth as to plaintiffs' FDCPA claims.